[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In these consolidated actions, the plaintiff, Gary Levine, seeks the recovery of certain property in the possession of the defendant, Stacey Spartz. The plaintiff and defendant lived together from 1990 until 1996. They were never married. In the first action, the plaintiff alleges that the parties both contributed to the purchase of a condominium in Norwich in 1992, but that the deed to the condominium is in the name of the defendant only. The plaintiff claims that the defendant has been unjustly enriched by the deed reflecting only the defendant's interest in the property. In the second action, the plaintiff alleges that he and the defendant both contributed funds to bank accounts held in the name of the defendant only. The plaintiff claims that by retaining the bank account assets, the defendant is guilty of conversion and has been unjustly enriched. In both actions, the plaintiff seeks, inter alia, damages and imposition of a constructive trust. The plaintiff also claims to be entitled to the return of certain personal property in the defendant's possession.
The parties both testified at trial. They have stipulated that the plaintiff contributed $123,700 to the relationship and that the defendant contributed $134,184. In 1996, the defendant obtained a restraining order against the plaintiff. Pursuant to an agreement of the parties at the September 16, 1996, hearing on the defendant's application for a restraining order, the defendant paid the plaintiff approximately $28,000 CT Page 16190 and gave the plaintiff title to another condominium in Norwich. Although the plaintiff claims that the parties agreed to share all of their property on a fifty-fifty basis, the defendant disputes this, and the court is not persuaded that such an agreement existed.
In his post-trial brief, the plaintiff has presented the court with a series of mathematical calculations that he uses to arrive at a figure of $54,750, to which he claims he is entitled. This figure represents one half of the difference between the value of the property distributed to the defendant and the value of the property distributed to the plaintiff at the time of the parties' break-up.
The plaintiff has not demonstrated to the court that his mathematical computations present a proper resolution of the claims set forth in the complaints. The assumption underlying the plaintiff's argument is that he has a right to half of the total property owned by the parties at the time of their break-up. As stated above, however, the plaintiff has not persuaded the court that the parties agreed to share all of their property on a fifty-fifty basis. Furthermore, the plaintiff has not cited to any legal authority that could establish such an arrangement in the absence of an agreement between the parties.
The question presented to the court is whether, under any of the legal theories set forth in the complaints, the plaintiff has proven an entitlement to any of the particular property mentioned in the complaint, namely, the condominium held in the defendant's name, the money in the defendant's bank accounts, or the personal property in the possession of the defendant.
"Our general standards governing the imposition of a constructive trust are well established. [A] constructive trust arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. . . . Moreover, the party sought to be held liable for a constructive trust must have engaged in conduct that wrongfully harmed the plaintiff." (Citations omitted; internal quotation marks omitted.) Wendell Corp. Trustee v. Thurston, 239 Conn. 109,113-14, 680 A.2d 1314 (1996).
"A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . . With no other test than CT Page 16191 what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard. . . . Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Citations omitted; internal quotation marks omitted.) Barbara Weisman, Trustee v.Kaspar, 233 Conn. 531, 550, 661 A.2d 530 (1995).
"We have defined conversion as [am unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. . . . The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm." (Internal quotation marks omitted.) Aetna Life Casualty Co. v. UnionTrust Co., 230 Conn. 779, 790-91, 646 A.2d 799 (1994). "The tort of conversion and the equitable remedy of constructive trust share a common element: the party sought to be held liable has engaged in conduct thatwrongfully has harmed the plaintiff." (Emphasis in original.) Id., 791.
"In a civil action, the plaintiff has the burden of proving its case by a preponderance of the evidence." Federal Deposit Ins. Corp. v.Napert-Boyer Partnership, 40 Conn. App. 434, 441, 671 A.2d 1303 (1996). The plaintiff has failed to carry his burden of demonstrating to the court that the defendant has engaged in any wrongful conduct to the detriment of the plaintiff. The court therefore lacks a basis for concluding that the defendant has been unjustly enriched by, or has committed conversion with respect to, any specific property named in the complaint. Because the plaintiff has failed to show that he, rather than the defendant, is entitled to an interest in the condominium, the funds in the defendant's bank account, or any personal property held by the defendant, the court hereby enters judgment in favor of the defendant in both cases.
D. Michael Hurley Judge Trial Referee.